UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROCCO SIRIANO AND JANET SIRIANO, JASON OAKLEY AND STEPHANIE OAKLEY, CINDY MOLLEUR, THOMAS COOK AND LAURA COOK, LEEANN BORMANN, MICHELLE LaPREAD, and ANDREW BILEN AND JENNIFER BILEN, <br><br>On behalf of themselves and all others similarly situated, <br><br>Plaintiffs, <br><br>vs. <br><br>GOODMAN MANUFACTURING COMPANY, L.P.; GOODMAN GLOBAL, INC., and GOODMAN COMPANY, L.P., <br><br>Defendants. | Civil Action No. 2:14-cv-01131-GCS <br><br>District Judge George C. Smith <br><br>Magistrate Judge Mark R. Abel |

**STIPULATED PROTECTIVE ORDER**

The parties agree that documents, information, and testimony will be sought, produced, or exchanged as part of discovery that is highly sensitive and not publicly available. Such information may relate to Defendants' trade secrets, proprietary systems, research and development, product design and manufacturing details, and other confidential or proprietary commercial information, the public disclosure of which could benefit Defendants' competitors and adversely impact the business of Defendants. In addition, the parties expect that discovery may involve the exchange of personal, private, and financial information of Plaintiffs and other individuals, the public disclosure of which could subject them to potential fraud or identity theft.

Thus, in order to protect confidential information obtained by the parties in connection with this case and to facilitate the discovery process, the parties hereby agree as follows:

1.      Any party or non-party may designate as "Confidential" any document or response to discovery which that party or non-party considers in good faith to contain information involving confidential business, personal or financial information, subject to protection under the Federal Rules of Civil Procedure or Ohio law.  Any party or non-party may designate as "Highly Confidential – Attorneys' Eyes Only" any document or response to discovery which that party or non-party considers in good faith to contain particularly highly sensitive competitive information involving trade secrets, non-public development, manufacturing, financial or pricing data, planned or unpublished intellectual property applications, business plans and strategies, and documents relating to any confidential negotiations between a party and a non-party, subject to protection under the Federal Rules of Civil Procedure or Ohio law.  Unless otherwise indicated in a specific provision, information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is collectively referred to herein as "Confidential Information."  Where a document or response is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," each page of the document shall be so designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Natively produced files (*e.g.*, Excel spreadsheets, pictures, and powerpoints), will include a Bates numbered slipsheet stating that the document has been produced natively; the native file will appear as [BATESNUMBER] –[confidentiality designation].extension, i.e., GMN_0000001-CONFIDENTIAL.xls.

2.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally a party or non-party may

designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, the specific pages of the transcript and/or specific responses to be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 9 below in accordance with Local Rule 37.1 of the Local Civil Rules of the United States District Court for the Southern District of Ohio ("Local Rules").  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 9 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of the producing party, or upon prior order of this Court obtained after notice to all counsel, "Highly Confidential – Attorneys' Eyes Only" Information shall not be disclosed to any person other than:

   a. outside counsel of record in this case for the receiving party;
   b. employees (*i.e.*, lawyers or staff) of such outside counsel of record in this case;
   c. consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that such persons: (1) are not current employees of any direct business competitor of any party in this litigation; and (2) each

such person executes a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the "Highly Confidential – Attorneys' Eyes Only" Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any "Highly Confidential – Attorneys' Eyes Only" Information;

d.  any original authors or original recipients of the "Highly Confidential – Attorneys' Eyes Only" Information;

e.  the Court, Court personnel, and court reporters; and

f.  witnesses at deposition or trial.  A witness shall sign the Certification before being shown any "Highly Confidential – Attorneys' Eyes Only" Information.  "Highly Confidential – Attorneys' Eyes Only" Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the "Highly Confidential – Attorneys' Eyes Only" Information is represented.  Counsel for the disclosing party will insure that all such information will be properly marked and treated at the deposition.  Witnesses shown "Highly Confidential – Attorneys' Eyes Only" Information shall not be allowed to retain copies.

Notwithstanding any other provision in this order, under no circumstances shall any director, officer, employee or other counsel (besides outside counsel of record in this case) of

any party or non-party be permitted access to any documents designated "Highly Confidential – Attorneys' Eyes Only."

     5.     Except with the prior written consent of the producing party, or upon prior order of this Court obtained after notice to all counsel, "Confidential" Information shall not be disclosed to any person other than:

     a.     counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

     b.     employees (*i.e.*, lawyers and staff) of such counsel;

     c.     individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

     d.     consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the "Confidential" Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any "Confidential" Information;

     e.     any original authors or original recipients of the "Confidential" Information;

     f.     the Court, Court personnel, and court reporters; and

    g.  witnesses at trial or deposition. A witness shall sign the Certification before being shown any "Confidential" Information. "Confidential" Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the "Confidential" Information is represented. Counsel for the disclosing party will insure that all such information will be properly marked and treated at the deposition. Witnesses shown "Confidential" Information shall not be allowed to retain copies.

  6. Any persons receiving "Confidential" Information or "Highly Confidential – Attorneys' Eyes Only" Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

  7. Without written permission from the designating party or a court order secured after appropriate notice to all interested parties, a party may not file in the public record in this action any material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Any party wishing to file "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials with the Court under seal shall do so in accordance with Local Rule 79.3.

  8. A party may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

9. In the event that any party disagrees with any designation of confidentiality made pursuant to this Order, the dispute or challenge shall be handled in accordance with Local Rule 37.1.

10. Notwithstanding any challenge to the designation of material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", all designated material shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a. the party or non-party who claims that the material is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" withdraws such designation in writing; or

    b. the Court rules the material is not confidential.

11. All provisions of this Order restricting the communication or use of "Confidential" Information and "Highly Confidential – Attorneys' Eyes Only" Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of "Confidential" Information or "Highly Confidential – Attorneys' Eyes Only" Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall, upon request by the party or non-party, either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within that time period and certify in writing within thirty (30) days that the documents have been destroyed.

12. A party who responds to or objects to discovery requests and who withholds information otherwise discoverable, asserting that the information is privileged or subject to protection as trial preparation material, must assert the claim expressly and must describe the

nature of the documents, communications, or things not produced or disclosed, such that, without revealing the privileged or protected information itself, the description will enable other parties to assess the applicability of the privilege or protection.  *See* Rule 26(b)(5), Federal Rules of Civil Procedure.

       13.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

       14.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

       15.    Any witness or other person, firm or entity from which discovery is sought must be informed of and may obtain the protection of this Order by written notice to the parties' respective counsel or by oral notice at the time of any deposition or similar proceeding.

       16.    The inadvertent failure to designate a document as protected under this Protective Order will not be a waiver of a claim that the document contains Confidential Information and will not prevent the producing party from designating such information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at a later date in writing, so long as the designation is done with particularity as to each document.  Any such written notice from the producing party shall be accompanied or promptly followed by a replacement production containing properly designated documents.  In the event a producing party late designates as protected under this Paragraph 16 of this Protective Order, the information must be treated by the receiving party as it is designated from the time of receipt of the notice of the designation.  The receiving party shall treat such information with the noticed level of protection from the date notice of the error is received and shall certify in writing within five (5) days of notice that all

previous erroneously marked documents in its possession have been destroyed.  Disclosure, prior to receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.

Dated:  November 11, 2014                    BERGER & MONTAGUE, PC

                                                                        By: */s/ Glen L. Abramson*

                                                                        *Attorneys for Plaintiffs*

Dated:  November 11, 2014                    JONES DAY

                                                                        By: */s/ Louis A. Chaiten*

                                                                        *Attorneys for Defendants*

IT IS SO ORDERED.

Dated this 11th day of November, 2014.

                                                                        *s/Mark R. Abel*
                                                                        Mark R. Abel
                                                                        United States Magistrate Judge

9

# **EXHIBIT A**

Certification and Declaration of Compliance

I, _____, certify that I have been provided a copy of the Stipulated Protective Order entered in the lawsuit captioned *Siriano, et al. v. Goodman Manufacturing Co., L.P., et al.*, Case No. 2:14-cv-01131, which is currently pending in the United States District Court for the Southern District of Ohio.  I have read the Stipulated Protective Order, and I agree to be bound by its provisions as a condition of receiving certain information, which has been identified to me.  I promise not to make use of this information for any purpose other than my role in the aforementioned lawsuit.  I consent to being subject to the continuing jurisdiction of the United States District Court for the Southern District of Ohio in regard to all matters relating to the Stipulated Protective Order, including, without limitation, the enforcement of the Stipulated Protective Order.

DATED: _____        SIGNED: _____

                                                        PRINTED NAME: _____